# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-01626-SVW-AS | Date | May 4, 2022 |
| Title | *Miguel Zelidon v. Ground Services International Inc. et al.* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** ORDER GRANTING MOTION TO REMAND [20]

Before the Court is a motion to remand the instant case by Plaintiff Miguel Zelidon ("Plaintiff") and a motion to dismiss brought by Defendants Ground Services International Incorporated ("GSI") and Gail Dandy (collectively, "Defendants"). *See* ECF Nos. 13, 20. Because the Court finds remand appropriate, it need not reach Defendants' motion to dismiss.

Federal courts are courts of limited jurisdiction. Accordingly, "[t]hey possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In every federal case, the basis for federal jurisdiction must appear affirmatively from the record. *See Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006). "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal quotation marks omitted). Unless otherwise expressly provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court." 28 U.S.C. § 1441(a); *see Dennis v. Hart*, 724 F.3d 1249, 1252 (9th Cir. 2013) (same) (internal quotation marks omitted).

To remove an action to federal court under § 1441(a), the removing defendant "must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta*, 537 U.S. at 33. In other words, the removing defendant bears the burden of establishing that removal is proper. *See Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").

In cases arising out of diversity jurisdiction, such as the present case, district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States." 28 U.S.C. § 1332(a)(1).

:

Initials of Preparer       PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-01626-SVW-AS | Date | May 4, 2022 |
|---|---|---|---|
| Title | *Miguel Zelidon v. Ground Services International Inc. et al.* | | |

This requires that Defendants establish complete diversity, which dictates that "each plaintiff in a case be a citizen of a different state than each defendant." *Abramson v. Marriott Ownership Resorts, Inc.*, 155 F. Supp. 3d 1056, 1060 (C.D. Cal. 2016); *see* 28 U.S.C. § 1332(a).

Defendant GSI is a corporation. A corporate defendant is a citizen of any state in which it is incorporated as well as the state where it maintains its principal place of business pursuant to 28 U.S.C. § 1332(c)(1). "Principal place of business" means "the place where a corporation's high-level officers direct, control, and coordinate the corporation's activities" or "the nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010). The party asserting diversity jurisdiction bears the burden of supporting its allegations of citizenship by competent proof. *See id.* at 96.

GSI fails to meet its burden to establish complete diversity. GSI's notice of removal states in a single conclusory line that its principal place of business is in Orlando, Florida. *See* Not. Removal, ¶ 12. The notice cites the declaration of GSI's Human Resources Manager Dan Beck, which states only that GSI's corporate headquarters is "located in Orlando, Florida, where GSI's primary executive, administrative, financial, and management functions are conducted and where most of GSI's corporate officers direct, control, and coordinate GSI's activities." *See* Declaration of Dan Beck, ¶ 3, ECF No. 5.

Defendant also includes a Statement of Information filed with the California Secretary of State. *See* Ex. 7 to Not. Removal, ECF No. 1. This exhibit indicates that GSI is a Michigan corporation and lists GSI's "principal executive office" as located in Orlando, Florida. *See id.* at 2.

Such conclusory statements, paired only with a document like a Statement of Information, are insufficient to establish a corporation's principal place of business. *See Hertz*, 559 U.S. at 97 (finding "the mere filing of a form…listing a corporation's 'principal executive offices' would, without more," be insufficient proof to establish a corporation's "nerve center"); *L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932, 940 (C.D. Cal. 2011) ("[R]eliance on a single piece of evidence...is insufficient for a party to prove the location of its headquarters under the nerve center test.") (citing *N. Cal. Power Agency v. AltaRock Energy, Inc.*, No. 11-1749 SC, 2011 WL 2415748, at *4 (N.D. Cal. June 15, 2011); *Ganesan v. GMAC Mortg., Inc.*, No. C 11–0046, 2011 WL 1496099, at *2 (N.D. Cal. Apr. 20, 2011)); *Joseph v. Vitas Healthcare Corp. of California*, No. 219CV04987ABGJSX, 2019 WL 4053910, at *2 (C.D. Cal. Aug. 27, 2019) (finding that the defendant's conclusory declaration and a Form 10-K were insufficient for defendant to satisfy its burden); *Ravishanker v. Mphasis Infrastructure Servs., Inc.*, No. 5:15-CV-02346-EJD, 2015 WL 6152779, at *2 (N.D. Cal. Oct. 20, 2015) (conclusory declaration insufficient).

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-01626-SVW-AS | Date | May 4, 2022 |
| Title | *Miguel Zelidon v. Ground Services International Inc. et al.* | | |

    For these reasons, the Court concludes that GSI fails to adequately meet its burden in establishing diversity jurisdiction. Given the absence of evidence as to where GSI's "nerve center" is located, GSI has failed to overcome the strong presumption against removal. Thus, this case must be remanded to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

    Plaintiff's motion is GRANTED.

    **IT IS SO ORDERED.**

:

Initials of Preparer     PMC